UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DASHAWN WILLIAMS,

Plaintiff,

-against-

NYC; NEW YORK CITY; JOHN DOE/JANE DOE OFFICERS, NYC Police Department 114th Precinct,

Defendants.

26-CV-7902 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dashawn Williams, who is currently incarcerated at the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was falsely arrested, in Bronx County, by officers of the New York City Police Department's ("NYPD") 114th Precinct in Queens County, based upon an I-Card that emanated from the NYPD's 114th Precinct. Plaintiff names as defendants: (1) NYC; (2) New York City; and (3) John Doe / Jane Doe Officers from the 114th Precinct. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff was arrested in Bronx County based upon an I-Card issued from the NYPD's 114th Precinct in Queens County. He was thereafter taken to Central Booking in Queens County, where he was released without ever having been charged with a crime. The Court finds that a substantial portion of the events underlying Plaintiff's claims took place in both Bronx and Queens Counties. Under Section 1391(b)(2), venue therefore appears to be proper both in this district, which encompasses Bronx County, and in the Eastern District of New York, which encompasses Queens County.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff was arrested by police officers who were based out of Queens County, based upon an I-Card issued

from the NYPD's 114th Precinct in Queens County. Based upon the facts alleged in the complaint, it would be reasonable to expect that nearly all evidence and witnesses relevant to this action would be found in Queens County. It appears unlikely that a substantial amount of the evidence or witnesses relevant to the lawfulness of Plaintiff's arrest would be found in this district. The Eastern District of New York therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 17, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge